Barbara E. Sarkin and Amanda J. Davidson, Philadelphia, PA, for plaintiff.

Richard W. Yost and Donald I. Wall, Philadelphia, PA, for defendant.

**Dorsen TURNER**

v.

**CHURCH MUTUAL INSURANCE COMPANY.**

Civ. A. No. 95–3489.

United States District Court, E.D. Pennsylvania.

Aug. 1, 1995.

### MEMORANDUM

DITTER, District Judge.

Plaintiff has brought suit against an insurance company alleging that it has acted in bad faith in refusing to settle her claim for uninsured motorist coverage. Because plaintiff has failed to state a cause of action, I will grant the defendant's motion to dismiss.

In an 89–paragraph complaint supported by nine exhibits, plaintiff, Dorsen Turner, alleges that she was a passenger in a van owned by the AME Zion Church, Baltimore, Maryland, when it was involved in an automobile accident in North Carolina. The defendant in this case, Church Mutual Insurance Company, provided liability insurance and underinsured motorist coverage to AME Zion.

Emanuel E. Moaney, Jr., was employed by the church to operate its van. Plaintiff avers that although the posted speed limit was 35 miles an hour, Mr. Moaney was driving the van on August 21, 1994, in excess of 55 miles an hour. A second vehicle, owned by Mary Fonville Wesley, came out of a private road and as the result of the ensuing collision, plaintiff was seriously injured.

Plaintiff asserts in her complaint that Mr. Mahoney "... was unable to stop his vehicle or prevent the impact between the two vehicles, as the result of operating the church van at a speed which was unsafe for the conditions of the road upon which he was operating. The negligent, careless and reckless, wanton and willful loss of control of the church van by Church Mutual insured driver, Emanuel Edwin Moaney, Jr., caused the impact between the two vehicles and further, caused the Plaintiff, Dorsen Turner, to sustain severe, permanent, and serious injuries as more fully set forth herein."

The complaint goes on, "Solely by reason of the negligence, carelessness and reckless and wanton and willful disregard of the safety of others by Church Mutual insured driver Emanuel Moaney, Plaintiff, Dorsen Turner, as a result of the impact between the two vehicles and the subsequent impact of the church vehicle into the tree ... [sustained] grievous personal injuries."

Ms. Turner asserts that she was one of ten passengers in the van at the time of the accident, all of whom were injured and all of whom have retained counsel.

Plaintiff's complaint goes on to allege that Nationwide Insurance Company, which provided liability coverage for the vehicle with which the church van collided, on November 22, 1994, forwarded a letter to all counsel tendering its policy limits, $25,000 for each accident and $50,000 for each occurrence. A copy of the Nationwide letter is attached to the complaint as Exhibit A. It asks that plaintiff's counsel contact other attorneys so that they can agree upon a distribution of the policy limits.

Plaintiff asserts that as a result of what she calls Nationwide's tender, she became a beneficiary of defendant's underinsured motorist coverage in the amount of one million dollars. She also contends that she is the beneficiary of the liability policy issued by defendant to AME Zion which has a value in excess of five million dollars.

Plaintiff goes on to allege that her attorney, Barbara E. Sarkin, Esquire, by letter dated January 31, 1995, advised defendant's claims attorney that she and counsel for the other defendants had reached an amicable resolution for the division among their clients of the proceeds of the Nationwide policy, $50,000, and the proceeds of defendant's underinsured motorist policy in the amount of one million dollars.

Plaintiff also refers to a December 5, 1994, demand letter in which her counsel stated:

Please allow this letter to formally advise you in your capacity as Claims Supervisor for the insurance carrier for Pennsylvania Avenue AME Zion Church that my client, Dorsen Turner, will accept the policy limit of ONE MILLION DOLLARS ($1,000,-000.00) WHICH IS THE UNDERINSURED MOTORIST LIMIT OF COVERAGE FOR THE CHURCH VAN IN WHICH DORSEN TURNER WAS A PASSENGER ON AUGUST 21, 1994...
Please consider this letter as a formal demand to you in your capacity as Claims Representative for Pennsylvania Avenue AME Zion Church that you *tender* the single individual policy limit available for Dorsen Turner within sixty (60) days or by February 3, 1994 (sic).

Plaintiff then alleges that her counsel's letters to defendant have made clear that "there was absolutely clear legal liability for the occurrence of the accident on Church Mutual insured driver, Emanuel Moaney ...", that it was clear she had no liability for the occurrence of the accident and that she had suffered substantial injury.

Plaintiff also details her counsel's efforts to meet with representatives of the defendant, their various conversations and the ultimate refusal of the defendant to meet with her counsel's demands.

Plaintiff's complaint contends that the defendant's failure to settle by February 3, 1995, created liability on its part for damages

in excess of the policy limit on the underinsured motorist coverage. She goes on to assert that defendant is liable under Pennsylvania law for its bad faith refusal to meet her counsel's demands and therefore is liable for punitive damages and attorney's fees.

In its motion to dismiss, defendant contends that plaintiff has failed to state a claim upon which relief can be granted.[1] In her responsive brief, plaintiff's counsel makes clear that her allegations of bad faith are founded upon defendant's failure to tender the underinsured motorist coverage of its policy, one million dollars.

 AME Zion is a Baltimore, Maryland, church and defendant provided its insurance coverage to AME Zion under Maryland law. The accident in which Ms. Turner was injured occurred in North Carolina. The present suit is brought under a Pennsylvania statute providing for damages where an insurance company fails to act in good faith.[2] For the purposes of this present action, I will assume—as plaintiff contends— that Pennsylvania law applies. Under Pennsylvania law, motor vehicle owners are required to buy liability insurance policies that provide minimal coverage. In many instances that coverage is not enough to provide sufficient compensation for damages that may be suffered in an automobile accident. To fill the gap between the other driver's fault and his liability coverage, insurance companies provide underinsured motorist protection.[3] There are two prerequisites to collecting on an underinsured motorist policy. First, the legal liability of the other driver must be established, and second, the other driver's own insurance policy must lack enough benefits to cover the loss. Here, neither of those conditions has been satisfied. Although plaintiff's complaint contends that Nationwide tendered its policy, a reading of Nationwide's letter to counsel does not show tender but only that "Nationwide wishes to tender their policy limits in order to settle the 11 Bodily Injury claims that were in this auto accident." The letter goes on, "We are asking that you contact the other attorneys that represent individuals in this matter to agree upon a distribution of our policy limits. In return for payment, Nationwide should receive a full release." Although plaintiff characterizes this letter as being a tender, it plainly was only an offer to tender, subject to certain conditions. There is no allegation that any of those conditions were met. There was no tender, but even if there had been, such a tender would not have established legal liability of Nationwide's driver or the inadequacy of its coverage.

There is an even more fundamental reason why plaintiff has failed to state a claim for bad faith. Defendant would only have a duty to pay on its uninsured motorist coverage if Mary Fonville Wesley, Nationwide's insured, was legally responsible for plaintiff's injuries. Plaintiff's complaint makes no allegation that Mary Fonville Wesley was at fault in any way. Quite to the contrary, in paragraph 30 of the complaint it is alleged that the driver of the AME van was operating it in excess of 55 miles an hour in a 35 mile an hour zone. In paragraph 35 it is alleged that the "negligent, careless and reckless, wanton and willful loss of control of the church van by Church Mutual insured driver Emanuel Edwin Moaney, Jr. caused the impact between the two vehicles ..." In paragraph 36 it is alleged that "Solely by reason of the negligence, carelessness and reckless and wanton and willful disregard of the safety of others by Church Mutual insured driver Emanuel Moaney" plaintiff was injured. In summary, plaintiff's complaint alleges that the driver of the AME Zion van was the *sole* cause of the accident in which plaintiff was injured.

Since plaintiff contends that the van driver was the "sole" cause of the accident, obviously Mary Fonville Wesley, the other driver,

---

1. Plaintiff's complaint alleges this court has jurisdiction by reason of diversity of citizenship. I am satisfied that there is jurisdiction and that venue is proper.

2. 42 Pa.C.S.A. § 8371. Plaintiff's complaint also refers to the Unfair Insurance Practices Act, 40 P.S. 1171.1 et seq.

3. AME Zion is a Maryland church. Maryland's uninsured motorist law has been interpreted to provide for underinsured coverage. *Aetna Casualty & Surety Co. v. Souras*, 78 Md.App. 71, 552 A.2d 908 (1989).

had nothing to do with it. Without liability on her part, there can be no claim for underinsured motorist coverage. Defendant's failure to pay a claim for which it is not legally liable is not bad faith. Plaintiff's complaint must be dismissed with prejudice.

An appropriate order follows.

## ORDER

AND NOW, this 1st day of August, 1995, the motion of Church Mutual Insurance Company to dismiss the complaint of Dorsen Turner is hereby granted and plaintiff's complaint is dismissed with prejudice.